# United States Tax Court

T.C. Summary Opinion 2024-7

JOSE BANUELOS AND CAROL ANN BANUELOS,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 1142-22S.                    Filed May 22, 2024.

————

Jose Banuelos and Carol Ann Banuelos, pro sese.

*Ashleigh E. Edwards*, *Janice B. Geier*, and *Kenrick C. Parker*, for respondent.


SUMMARY OPINION

FRIED, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a notice of deficiency (notice) dated October 4, 2021, respondent determined a deficiency in petitioners' 2018 federal income tax and an accuracy-related penalty pursuant to section 6662(a).

After a concession,[2] the issue for decision is whether petitioners are entitled to a deduction for unreimbursed employee business

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent concedes the section 6662(a) accuracy-related penalty.

expenses related to Jose Banuelos's (petitioner) employment as an administrative law judge.

*Background*

The underlying facts in this case are easily summarized, even without the convenience of a stipulation of facts. When the Petition was filed, petitioners resided in California.

In 2018 petitioner was employed as a retired annuitant performing the duties of an administrative law judge for the State of California. Retired annuitants assist the Department of Social Services State Hearings Division (SHD) when "caseload demand exceeds [current administrative law judge] capacity to hear and decide cases." Petitioner conducted hearings involving public benefits issues including SSI eligibility, CalFresh (formerly known as food stamps), state Medicare eligibility, foster care determinations, and adoptions. He did not receive fees from the public for the services rendered in his role as a retired annuitant.

Petitioner was paid hourly wages on the days he conducted administrative hearings. Pursuant to SHD policy, for general jurisdiction and disability cases a retired annuitant was paid for eight hours per hearing day plus an additional 3.3 hours for each decision written. Petitioner often spent more than 3.3 hours drafting decisions, but he was not compensated for the additional drafting time. Petitioner was also paid for travel time and received a per diem when traveling. He did not receive any paid sick leave or paid vacations.

The State of California issued petitioner a Form W–2, Wage and Tax Statement, reporting that the State of California paid petitioner wages of $24,091 in 2018 and that, with respect to these wages, the State of California withheld federal and state income tax but did not have Social Security tax or retirement contributions withheld.

Petitioners prepared their 2018 joint federal income tax return and filed it on or around October 17, 2019. The $24,091 of compensation that petitioner received from the State of California was reported as wages on the return. Petitioners attached Form 2106–EZ, Unreimbursed Employee Business Expenses, to their return and claimed a $25,457 deduction for unreimbursed employee business expenses related to petitioner's employment as an administrative law judge for the State of California.

In the notice, respondent disallowed the entire deduction petitioners claimed for unreimbursed employee business expenses because, according to the notice, petitioner is "not considered a fee-based government official," and therefore does not meet one of the limited exceptions permitting the deduction of such expenses.

## *Discussion*

In general, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are erroneous. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction. Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

Section 162 allows deductions for trade and business expenses. Section 62(a)(1) allows deductions for those expenses to be made from gross income when computing adjusted gross income (AGI) except for those expenses incurred by a taxpayer as an employee. An employee is not permitted to deduct trade and business expenses unless subject to an enumerated exception under section 62(a)(2).

As relevant, section 62(a)(2)(C) allows as a deduction from gross income in computing AGI "[t]he deductions allowed by section 162 which consist of expenses paid or incurred with respect to services performed by an official as an employee of a State or a political subdivision thereof in a position compensated in whole or in part on a fee basis."

Respondent contends that under *Jones v. Commissioner*, 146 T.C. 39 (2016), petitioner should not be treated as a fee basis employee because his compensation was not based on fees collected from the public, and that consequently petitioners were not entitled to a deduction for unreimbursed employee business expenses. By contrast, petitioners contend that petitioner was a fee for service employee, and not a salaried state employee. They argue that petitioner should be considered an employee paid on a "fee basis" within the meaning of the Fair Labor Standards Act (FLSA), *see* 29 C.F.R. § 541.300(a) (2019), and therefore permitted to deduct unreimbursed employee business expenses under section 162.

FLSA regulations provide that "[a]n employee will be considered to be paid on a 'fee basis' within the meaning of these regulations if the employee is paid an agreed sum for a single job regardless of the time required for its completion." 29 C.F.R. § 541.605(a) (2019).

The above-referenced regulations were promulgated for the purpose of defining employees exempted from section 13(a)(1) of the FLSA. *See* 29 C.F.R. § 541.0 (2024). In *Jones*, 146 T.C. at 47–48, this Court specifically declined to apply the definition of "fee basis" found in 29 C.F.R. § 541.605 to the interpretation of section 62(a)(2)(C), and we will decline to do so again here. Instead, in *Jones*, 146 T.C. at 48, the Court held that a fee basis employee is an employee who received fees directly from the public in exchange for services that he rendered. This is true even if the salary the employee receives is funded, in part, by collected fees. *Id.*

Petitioners attempt to distinguish their case from *Jones* on the grounds that petitioner was an hourly employee and was not an "elected" or "appointed" official and that as a retired annuitant he did not receive retirement benefits, health benefits, or paid vacation or sick leave. However, petitioners have not shown that the facts present in this case differ in any material way from those in *Jones*.

The record establishes that petitioner did not receive fees directly from the public in exchange for the services he rendered. Instead, the State of California paid petitioner an hourly rate for each hearing day and decision written. Because petitioner was not compensated in whole or in part on a fee basis, petitioners are not entitled to a deduction for unreimbursed employee business expenses related to petitioner's employment as an administrative law judge.

To reflect the foregoing,

*Decision will be entered for respondent with respect to the deficiency and for petitioners with respect to the section 6662(a) penalty.*